United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Paola-Lourdes Bre, Petitioner, )<br>)<br>v.                                                )<br>                                                  )   Case No. 23-23928-Civ-Scola<br>                                                  )<br>Leandro-Sebastian Aguirre,      )<br>Respondent.                              ) | |

**<u>Order Granting Temporary Restraining Order and Setting Hearing</u>**

This matter is before the Court on the Petitioner's Verified Complaint (ECF No. 1) and ex parte motion under the Hague Convention requesting entry of a temporary restraining order and other relief. (ECF Nos. 4, 5.) The Petitioner requests an immediate temporary restraining order prohibiting the removal of her daughter, I.A.B., from the jurisdiction of this Court. (Mot., ECF No. 4 at 4.) Upon review of the Complaint, motion for temporary restraining order, and supporting memorandum, the Court **grants** the request for a temporary restraining order. (**ECF No. 4**.)

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F. 3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Ex parte temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

The Complaint alleges that the Respondent has wrongfully removed and retained the Petitioner's eight-year-old daughter, I.A.B., in the United States by failing to return her to Argentina after an agreed-upon stay with the Respondent father in the United States. (Compl., ECF No. 1 ¶¶ 7-11.) The Petitioner alleges that the Respondent has caused I.A.B. to remain in the United States although she should have returned to Argentina by March 15, 2023 in violation of the Petitioner's custody rights under Argentine law and Articles 3 and 5 of the Hague Convention. (*Id.* ¶¶ 11, 16-18.). The allegations in the Complaint are sufficient to demonstrate that the Petitioner has a substantial likelihood of success on the merits; that irreparable injury will be suffered if a temporary restraining order is not granted; that the threatened injury outweighs the harm that a temporary restraining order will inflict on the Respondent; and that the entry of a temporary restraining order will serve the public interest.

Therefore, it is **ordered and adjudged** that the Petitioner's request for a temporary restraining order is hereby **granted** as follows:

(1) The Respondent, Leandro-Sebastian Aguirre, is prohibited from removing the minor I.A.B. from the jurisdiction of this Court pending a hearing on the merits of the Complaint;

(2) No person acting in concert or participating with the Respondent shall take any action to remove I.A.B. from the jurisdiction of this Court pending a hearing on the merits of the Complaint;

(3) This Order shall remain in effect until the date for the hearing set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(4) The U.S. Marshals are **directed** to serve a copy of this Order and the Complaint on the Respondent at 1130 NE 140th St., Miami, FL 33161, on or before October 16, 2023, or as soon as practicable. In addition, the U.S. Marshals are directed to seize the Respondent's passport and the child's passport;

(5) A hearing is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Miami, Florida, 33128, Courtroom 12-3, on **October 26, at 9:00 a.m.**, at which time the Respondent shall show cause why the minor child should not be returned to Argentina and why other relief requested in the Complaint should not be granted;

(6) Any response or opposition to the Complaint must be filed and served on the Petitioner's counsel by **October 20, 2023**, and filed with the Court, along with Proof of Service.

**Done and ordered** in Miami, Florida on October 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge